# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARK GUGLIUZZA on behalf of Himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN & MORGAN, JACKSONVILLE, PLLC d/b/a MORGAN & MORGAN, JACKSONVILLE, LLC and SETH DIAMOND,<br><br>Defendants. | Case No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Morgan & Morgan, Jacksonville, PLLC ("Morgan & Morgan") and Seth Diamond hereby remove this action from the Superior Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division. As set forth below, this Court has jurisdiction over this case, and the procedural requirements of removal have been satisfied. In support of this Notice of Removal, Defendants state as follows:

## Procedural History and Background

1. On February 11, 2025, Plaintiff Mark Gugliuzza filed his Complaint against Morgan & Morgan and Seth Diamond in the Superior Court of Chatham County, Georgia, Civil Action No. SPCV25-00202-MI (the "State Court Action"). True and correct copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit 1.

2. On February 20, 2025, Morgan & Morgan was served with the Complaint.

3. On March 17, 2025, Seth Diamond was served with the Complaint.

4. Gugliuzza alleges that he retained Defendants as his attorneys to represent him in a personal injury lawsuit after being injured in a car wreck, but Defendants ultimately did not provide him with an adequate level of representation in that case. *See* Compl. ¶¶ 7-17.

5. The State Court Action asserts two causes of action against Defendants, for professional negligence (Count I) and breach of fiduciary duty (Count II).

6. Plaintiff seeks to advance both causes of action both individually and on behalf of a putative class.

**Grounds For Removal**

7. Pursuant to U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

8. This action may be removed under 28 U.S.C. § 1441(a) because this Court would have original jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d).

9. That statute vests federal district courts with original jurisdiction over a putative "class action" that meets certain jurisdictional requirements. CAFA defines the term "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. CAFA states that "the district courts 'shall have original jurisdiction' over class actions that have at least 100 members, an amount-in-controversy exceeding $5 million, and minimal diversity between the parties (that is, any member of the proposed class must be a citizen of a state different from any defendant)." *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1045 (11th Cir. 2020) (quoting 28 U.S.C. § 1332(d)). Each of these elements is satisfied here.

11. With respect to the numerosity requirement, the Complaint pleads that the class Gugliuzza seeks to represent contains "*hundreds, if not thousands*" of class members. Compl. ¶ 20 (emphasis added). This element is therefore satisfied on the face of the pleading. Moreover, "the possibility that there are fewer than 100 members of . . . [a] class[] does not divest the federal courts of subject matter jurisdiction under the CAFA." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) (citing 28 U.S.C. § 1332(d)(5)(B)). This is true "[e]ven if it were later found that the narrowed . . . class numbers fewer than 100, the § 1332(d)(5)(B) limitation applies only to 'proposed' plaintiff classes (as opposed to classes actually certified or that go to trial); jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction." *Id.*

12. As for the amount-in-controversy requirement, in determining whether the claims in a complaint meet the jurisdictional amount, the district court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the

jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (internal quotations omitted).

13. When, like here, a plaintiff "does not state the amount in controversy, the defendant's notice of removal may do so" and "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 at 84, 89 (2014). That allegation, if made "in good faith . . . should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

14. Gugliuzza's Complaint fails to state an amount that he seeks in damages.[1] But the nature of his claims and allegations demonstrate that Gugliuzza seeks relief on behalf of a putative class in an amount exceeding $5 million. *See Dart*, 574 U.S. at 84, 89; *Roe*, 613 F.3d at 1061–62, 1064.

---

[1] For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, the Court may assume as true Gugliuzza's allegations in the Complaint, but Defendants deny any liability in case, both as to Gugliuzza's individual claims and as to the proposed class members' claims, and further deny that Gugliuzza's class allegations are sufficient or that any class could ever be certified. In alleging the amount in controversy and other matters in this removal pleading, Defendants do not concede any liability, damages, or any other claims or defenses. Defendants are only stating what the stakes of the litigation could be under Gugliuzza's allegations. "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).

15. Gugliuzza individually seeks damages representing "the differences [sic] between the value of his case, had it been properly handled" versus what he ultimately accepted to resolve his case. Compl. ¶ 48. Gugliuzza alleges he initially demanded $5 million to settle his personal injury case, but ultimately accepted $125,000. *Id.* ¶¶ 10, 14, 48. Although Defendants dispute the validity of Gugliuzza's allegations and disagree that Gugliuzza can recover these alleged damages, based on these allegations, there is at least $4,875,000 in controversy related to only Gugliuzza's individual claim. Gugliuzza seeks to recover similar damages on behalf of a class that he alleges contains "*hundreds, if not thousands*" of class members. *Id.* at ¶¶ 20, 49. Gugliuzza alleges that his claim "is typical to the claims of the [putative] class," that these putative class members are "similarly situated" and that their claims "arise from the same practices, procedures, and actions, and are based on the same legal theories." *Id.* at ¶¶ 21–22, 25. Thus, when Gugliuzza's "typical" claim with an amount in controversy of at least $4,875,000 is extrapolated to the "hundreds, if not thousands" of class members that Gugliuzza seeks to represent, the total amount in controversy easily exceeds $5,000,000.

16. Gugliuzza also alleges that he was charged "numerous charges not properly recoverable by [Morgan & Morgan] or excessive." According to the Closing Statement Gugliuzza attached to his Complaint, he was charged $55,523.23 for legal services. Compl., Ex. B. Gugliuzza alleges that with respect to these

expenses, Morgan & Morgan treated all class members "the same way they treated Plaintiff." *Id.* at ¶ 21. Gugliuzza alleges that he and all putative class members "are entitled to a refund of the amounts they were overcharged for expenses in their cases, plus interest thereon." *Id.* ¶ 50. Again, when Gugliuzza's "typical" claim with an amount in controversy of at least $55,523.23 is extrapolated to the "hundreds, if not thousands" of class members that Gugliuzza seeks to represent, the total amount in controversy easily exceeds $5,000,000.

17. In addition, Gugliuzza seeks "exemplary damages," interest, and an award of attorneys' fees under O.C.G.A. § 13-6-11. Although Defendants disagree that Gugliuzza is entitled to these damages or that he has properly plead such damages in the Complaint, at this stage his demand for these damages may be included in the calculation to satisfy the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."); *Goodrich v. Fisher-Price, Inc.*, 2016 WL 9223893, at *1 (N.D. Ga. Dec. 15, 2016) (holding court "must also consider the Plaintiffs' request for punitive damages and other forms of relief"

and "[b]ased on the nature of the claim and type of damages sought by the Plaintiffs, judicial experience and common sense dictates that the amount in controversy satisfies the jurisdictional requirement.").

18. Finally, minimal diversity exists here. Gugliuzza is a citizen of Georgia. Compl. ¶ 1. Although Diamond is also a citizen of Georgia, Morgan & Morgan is a Florida Professional Limited Liability Company with its principal place of business in Florida.[2] Accordingly, Morgan & Morgan is considered a citizen of Florida alone.[3] That means at least one class member (Gugliuzza) is a citizen of a State (Georgia) different than Morgan & Morgan (Florida). Minimum diversity is satisfied.

19. The Southern District of Georgia, Savannah Division is the federal judicial district and division embracing Chatham County, Georgia, where the State Court Action was originally filed. *See* 28 U.S.C. § 90(a)(2). Venue is therefore proper in this District and Division pursuant to 28 U.S.C. § 1441(a).

---

[2] Gugliuzza's Complaint alleges that Morgan & Morgan "is a foreign limited liability company currently registered to do business in Georgia." Compl. ¶ 2. So even he admits that Morgan & Morgan is not a citizen of Georgia, conceding the existence of minimum diversity.

[3] For purposes of CAFA jurisdiction, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

20. Defendants file this Notice of Removal within 30 days of receiving service of the Summons and Complaint. Removal is therefore timely. *See* 28 U.S.C. § 1446(b).

21. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on Plaintiff and file the same with the Clerk of the Superior Court of Chatham County, Georgia in accordance with 28 U.S.C. § 1446(d). A true and correct copy of the removal notice to be filed with the Clerk of the Superior Court of Chatham County, State of Georgia is attached hereto as Exhibit 2.

## Non-Waiver of Defenses

22. By removing this action, Defendants do not admit any of the allegations contained in Gugliuzza's Complaint. Nor do Defendants waive any defenses available to them in this action, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b). Defendants also reserve the right to compel this action to arbitration upon removal, and by removing this action do not intend to waive that right.

## Conclusion

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and on the foregoing bases, Defendants remove the above-captioned action from the Superior Court of

Chatham County, Georgia to the United States District Court for the Southern District of Georgia, Savannah Division.

Respectfully submitted this 20th day of March, 2025.

                              **BRADLEY ARANT BOULT CUMMINGS LLP**

                              */s/ Rachel Bramblett*
                              Rachel Bramblett
                              Georgia Bar No. 896738

Promenade Tower
1230 Peachtree Street NE,
20th Floor
Atlanta, GA 30309
(404) 868-2100
rbramblett@bradley.com                                   *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March 2025, I served a copy of the foregoing **NOTICE OF REMOVAL** on counsel for all parties by U.S. Mail and e-mail as follows:

>Brent J. Savage
>**SAVAGE, TURNER, PINCKNEY, SAVAGE, & SPROUSE**
>Post Office Box 10600
>Savannah, Georgia 31412
>bsavage@savagelawfirm.net
>
>Mark A. Tate
>**TATE LAW GROUP, LLC**
>25 Bull Street, Suite 200
>Savannah, GA 31401
>marktate@tatelawgroup.com

This 20th day of March, 2025.

>**BRADLEY ARANT BOULT CUMMINGS LLP**
>
>*/s/ Rachel Bramblett*
>Rachel Bramblett
>Georgia Bar No. 896738

Promenade Tower
1230 Peachtree Street NE,
20th Floor
Atlanta, GA 30309
(404) 868-2100
rbramblett@bradley.com                              *Counsel for Defendants*