# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARK GUGLIUZZA, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN & MORGAN, JACKSONVILLE, PLLC d/b/a MORGAN & MORGAN, JACKSONVILLE, LLC and SETH DIAMOND, <br><br> Defendants. | Case No. 4:25-cv-00064-LGW-BWC |

## PLAINTIFF MARK GUGLIUZZA'S MOTION TO REMAND

COMES NOW Plaintiff Mark Gugliuzza and hereby files this Motion to Remand Pursuant to 28 U.S.C. § 1332, showing this honorable Court as follows:

**I.    Introduction**

Plaintiff Mark Gugliuzza, individually and on behalf of all other similarly situated, filed this action for legal malpractice against Morgan & Morgan Jacksonville PLLC (Morgan & Morgan Jax) and Seth Diamond on in the Superior Court of Chatham County on February 11, 2025. [Doc. 1-1]. Defendants filed their Notice of Removal on March 20, 2025 alleging jurisdiction was proper in this

Court. [Doc. 1].

The parties agree that minimal diversity exists - Plaintiff Gugliuzza is a citizen of Georgia, the putative class is comprised of only Georgia citizens, and Morgan & Morgan Jax is a Florida corporation. [Doc. 1 para. 18]. Plaintiff does not dispute Defendants' summary of the amount in controversy.

While these undisputed facts create original jurisdiction under the Class Action Fairness Act, they also **require** this Court to abstain from hearing the case as the proposed class is entirely comprised of citizens of Georgia, Seth Diamond is a Georgia citizen and "significant defendant," and the injuries to the putative class members occurred in Georgia. (See 28 U.S.C. § 1332(4)(a)(I)).

This Court should decline to exercise jurisdiction over this local controversy.

## II.     Argument and Citation of Authority

The Class Action Fairness Act ("CAFA") requires district courts to abstain from exercising such jurisdiction over cases that, at their core, are matters of purely local interest. In this case, the entire proposed class is comprised of Georgia citizens who sought legal representation at local Georgia offices of Morgan & Morgan Jax. The only named individual defendant, Seth Diamond, is an attorney, barred in Georgia, who practices out of the local Savannah office. The proposed class is seeking damages that are only suffered by Georgia residents (See Doc. 1-1 para. 19, limiting the class to "Georgia citizens").

A.  **Standard for Motion to Remand Pursuant to "Local Controversy" Exception**

Pursuant to 28 U.S.C. § 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Id.

The "local controversy" exception to Class Action Fairness Jurisdiction states that "A district court **shall decline** to exercise jurisdiction . . . over a class in which" (1) greater than two thirds of the members of the proposed class are citizens of the State in which the action was filed; (2) at least one defendant, from whom a significant relief is sought, whose alleged conduct forms a significant basis for the claims, is a citizen of the State in which the action was originally filed; and (3) during the 3-year period preceding the filing there were no other similar class actions filed against the same defendants.  28 U.S.C. § 1332(4)(a).

B.  **All of the Requirements for the "Local Controversy" Exception are Met**

As mentioned above, the putative class is limited to Georgia citizens. [Doc. 1-1 para. 19].  Plaintiff's intentional pleading to limit class members to citizens of Georgia should not be disregarded by this Court.  (See Cliff v. Savannah Law Sch., LLC, 2018 U.S. Dist. LEXIS 176074 at *4 (S.D. Ga. Oct. 12, 2018, "[i]t is readily

apparent that Plaintiff has chosen to limit the proposed class to citizens of this state, and the Court is not at liberty at this stage to reject Plaintiff's class definition and render a different interpretation.") (quoting Gallagher v. Johnson & Johnson Consumer Cos., 169 F. Supp. 3d 598, 604 (D.N.J. 2016)). Additionally, there is no dispute that Defendant Diamond is a citizen of Georgia.

These facts, when undisputed as they are here, have been to found to satisfy the two-thirds in-state citizen requirements. (See Hunter, 859 F.3d at 1335, "[t]he parties agree that two-thirds or more of the members of the proposed plaintiff classes are citizens of Alabama. And the Defendants do not contest that the City is a citizen of Alabama . . . That leaves, as the dispositive question, whether [Defendant] is a 'primary defendant' under CAFA.")

While the Hunter Court analyzed the related CAFA exception - the "home state" exception - the test for what constitutes a primary defendant under the "local controversy" exception is codified in 28 U.S.C. § 1332(4)(a)(i)(II), a defendant:

> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed[.]

Id.

In determining what is "significant relief" under this Code Section, the 11th

Circuit has found that the conclusion of what relief is "significant" can be "reached by comparing the relief sought from the local defendant to that sought from foreign defendants." Lemy v. Direct Gen Fin. Co., 559 Fed. Appx. 796, 798 (2014).  Here, the exact same relief is sought against both Defendants, making them equally liable. Moreover, Defendant Diamond's conduct giving rise to this suit is the exact same as alleged against Defendant Morgan & Morgan Jax and the damages sought from each Defendant are identical. There is no doubt that Defendant Milkwick has used these contracts and wrongfully collected fees under them a substantial amount of times.

As the for the final prong to determine significance, there is no dispute between the parties that Defendant Diamond is a citizen of Georgia and this action was originally filed in a Georgia superior court.

The only remaining inquiry is whether there has been a similar class action filed against these Defendants in the last three years.  The undersigned states in his place that after a diligent search for similar lawsuits against these Defendants alleging the inflation of or creation of excessive fees, or either of them individually, no such cases were found.

### III.   Conclusion

The Savannah District Court of the Southern District of Georgia has recently abstained from exercising CAFA jurisdiction under similar circumstances to this

case in that the plain language of the complaint precluded CAFA jurisdiction.  (See Cliff v. Savannah Law Sch., LLC, 2018 U.S. Dist. LEXIS 176074 at *4 (S.D. Ga. Oct. 12, 2018), "[t]his Court cannot deviate from the unambiguous language text of CAFA or ignore the text of Plaintiffs' Complaint.)  In this case, Plaintiff's Complaint plainly sets out a proposed class comprised of only Georgia citizens and a primary defendant is also a Georgia citizen.   For the reasons contained herein, Plaintiff respectfully requests that this Court remand this action to the Superior Court of Chatham County pursuant to the "local controversy" exception to jurisdiction provided by the Class Action Fairness Act.

  Respectfully submitted this 18th day of April, 2025.

                */s/ Brent J. Savage*
                Brent J. Savage
                Georgia Bar No. 627450
                Matthew R. Bradley
                Georgia Bar No. 835095

**SAVAGE, TURNER, PINCKNEY, SAVAGE, & SPROUSE**
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
lwickline@savagelawfirm.net

## CERTIFICATE OF SERVICE

    This is to certify that I have on this day filed electronically with the Clerk of the Court the foregoing. By filing in the CM/ECF system, I have thereby served by email all of the parties in this case through the following counsels of record:

Rachel Bramblett
**BRADLEY ARANT BOULT CUMMINGS LLP**
**rbramblett@bradley.com**

**THIS THE 18TH DAY OF APRIL, 2025.**

                          **SAVAGE & TURNER, P.C.**

                          By: */s/ Brent J. Savage*
                              Brent J. Savage
                              Georgia Bar No. 627450

102 E. Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140 (T)
lwickline@savagelawfirm.net