**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| MARK GUGLIUZZA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-64 |
| v. | |
| MORGAN & MORGAN, JACKSONVILLE PLLC d/b/a MORGAN & MORGAN JACKSONVILLE, LLC, and SETH DIAMOND, | |
| Defendants. | |

**O R D E R**

Defendants filed a Motion to Stay Discovery, asking the Court to stay all deadlines in this case until resolution of the pending motion to compel arbitration. Doc. 11. Plaintiff filed a Response, opposing Defendants' Motion. Doc. 20. For the following reasons, the Court **GRANTS** Defendants' Motion to Stay.[1]

Plaintiff originally filed his Complaint alleging a class action in the Superior Court of Chatham County. Defendants removed this case to federal court on March 20, 2025. Doc. 1. Plaintiff alleges Defendants represented him in a previous motor vehicle accident claim. Doc. 1-1 at 6. Plaintiff alleges Defendants breached their duty to adhere to the standard of care generally employed in the legal profession and this constitutes professional negligence. Id. at 13–14. Plaintiff also alleges Defendants breached their fiduciary duty owed to Plaintiff and

---

[1] If the Court denies Defendants' motion to compel arbitration, this stay shall lift automatically, in which case, the parties shall confer within 14 days of the ruling and submit their Rule 26(f) report within 7 days of the conference.

members of the putative class.  Id. at 14–15.  Defendants filed a motion to compel arbitration on

March 21, 2025.  Doc. 5.  Defendants filed this Motion to Stay Discovery on March 26, 2025.

Doc. 11.

Overall, the Court has broad discretion when deciding whether to issue a stay of

discovery.  Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  A ruling

on Defendants' motion to compel arbitration might be dispositive of some important aspect of

the case because compelling arbitration would "displace the case from the Court and into the

arbitral forum."  Workman v. Hire Techs, Inc., No. CV 120-070, 2020 WL 5637083, at *1 (S.D.

Ga. Sept. 21, 2020).  When deciding whether to stay discovery pending resolution of a pending

motion, the Court inevitably must "balance the harm produced by a delay in discovery against

the possibility that the motion will be granted and entirely eliminate the need for such

discovery."  Id. (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

Defendants have met their burden in showing a stay is appropriate.  While the ultimate

issue raised in Defendants' motion to compel arbitration is for the District Judge to decide, it is

clear to the undersigned that Defendants' motion is sufficiently credible to justify a stay.

Defendants state the parties signed a representation agreement when Plaintiff retained

Defendants to represent him in connection with a January 2021 motor vehicle accident.  Doc. 5

at 2.  Defendants argue Plaintiff agreed when he signed his representation agreement to arbitrate

each of the claims raised now in his Complaint.  Id. at 6.  The evidence and arguments in favor

of compelling arbitration are sufficiently credible to justify the stay.  See PhosAsset GmbH v.

Gulfstream Aerospace Corp., No. CV421-205, 2021 WL 9217154, at *2 (S.D. Ga. Dec. 6, 2021)

(granting stay where motion to compel arbitration did "not appear to be meritless.").

Additionally, a ruling on Defendants' motion to compel arbitration could, potentially, "displace

the case from the Court and into the arbitral forum." Workman, 2020 WL 5637083, at *1. Staying discovery in these circumstances is appropriate because, if the District Judge determines arbitration is appropriate, Plaintiff should not receive the benefit of discovery that would not have been available to him otherwise.  See Parsons v. Advanced Call Ctr. Techs., LLC, No. 17-14436-CIV, 2018 WL 11458650, at *1 (S.D. Fla. Apr. 13, 2018) ("If the motion to compel arbitration is well taken and granted, Plaintiff should not, in the interim, have the benefit of discovery procedures which might not be available to him in the arbitration forum.").

Plaintiff argues a stay of discovery is not warranted.  Plaintiff argues Defendants' motion to compel arbitration is not likely to succeed.  Doc. 20 at 3.  Plaintiff argues discovery related to informed consent will be necessary to determine whether the arbitration agreement is enforceable.  Id. at 4.  Plaintiff also argues, even if Defendants' motion is granted as to his individual claims, the arbitration provision excludes class claims and a delay in discovery would prejudice the whole putative class.  Id. at 5.

Plaintiff's primary argument is that discovery is needed to resolve Defendants' motion to compel arbitration because the parties need to explore Defendants' process of obtaining informed consent and whether Plaintiff gave informed consent to enter into arbitration.[2]  To be sure, Plaintiff states there is already evidence Defendants did not obtain the necessary informed consent.  Id. at 4.  However, Plaintiff fails to identify any additional evidence he contends would assist in resolution of the motion to compel arbitration or any particular type of discovery that

---

[2]     Plaintiff cites a Supreme Court of Georgia case to support his argument, Innovative Images, LLC v. Summerville, 848 S.E.2d 75 (Ga. 2020).  However, in that case, the Supreme Court of Georgia did not state the lack of informed consent is relevant to the enforceability of an arbitration clause.  Instead, the court stated, "[W]e conclude that—even assuming that Summerville violated GRPC Rule 1.4(b) by entering into the Arbitration Clause without Innovative's informed consent—the clause is neither void as against public policy nor unconscionable and therefore is not unenforceable on either of those grounds." Id. at 80.  Even assuming informed consent is relevant, which I do not decide, Plaintiff has not demonstrated a need for additional discovery on the issue at this time.

3

needs to occur.  Therefore, Plaintiff has not shown he is entitled to discovery on informed consent at this time.

Plaintiff's next argument is that a discovery delay would prejudice the whole putative class.  Plaintiff argues staying the case would unfairly impact the potential class because the operative arbitration provision excludes class action claims.  Id. at 5.  Plaintiff states a stay would prejudice the entire proposed class.  Plaintiff's argument is unconvincing.  Whether class claims should proceed in this Court or in arbitration is disputed and will likely be resolved in the ruling on Defendants' motion to compel arbitration.  Plaintiff has not demonstrated any discovery related to class claims is necessary at this point as opposed to after resolution of the motion to compel.  Moreover, discovery into class claims would likely be expensive and time consuming.  See Johnson v. Whaleco, Inc., No. 5:23-CV-403, 2023 WL 6292691 (M.D. Fla. Sept. 27, 2023) (granting motion to stay pending motion to compel arbitration because class action lawsuit discovery would be expensive and time consuming).  Additionally, Plaintiff has not shown any prejudice to himself or the proposed class members arising from a stay.

Ultimately, a stay of these proceedings would be an efficient use of judicial resources.  If Defendants' motion to compel arbitration is denied, Plaintiff will be afforded a full opportunity to conduct discovery.  If the motion to compel arbitration is granted, the parties will proceed in accordance with the applicable arbitration rules.  But "allowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement."  Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc., No. CV 12-0027, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012).  "This consideration is more important than any inefficiencies caused by the stay."  Workman, 2020 WL 5637083, at *1.  Plaintiff has not pointed to any particular or significant harm or inefficiency arising from a

stay.  On the other hand, it is apparent that resolving the issue of arbitrability first will ensure an efficient resolution of this matter.

For these reasons, the Court **GRANTS** Defendants' Motion to Stay Discovery.

**SO ORDERED**, this 21st day of April, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA