# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARK GUGLIUZZA, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN & MORGAN, JACKSONVILLE, PLLC d/b/a MORGAN & MORGAN, JACKSONVILLE, LLC and SETH DIAMOND, <br><br> Defendants. | Case No. 4:25-cv-00064-LGW-BWC |

### PLAINTIFF MARK GUGLIUZZA'S MOTION FOR RECONSIDERATION AND TO ALTER/AMEND DECISION TO COMPEL ARBITRATION AND DENY REMAND

COMES NOW Plaintiff Mark Gugliuzza and hereby files this Motion for Reconsideration and to Alter/Amend Decision to Compel Arbitration and Deny Remand, showing this honorable Court as follows:

## I.   Introduction

On August 11, 2025, this Court granted Defendants' Motion to Compel Arbitration and Denied Plaintiff's Motion to Remand [Doc. 26]. In doing so, however, this Court misapplied the law concerning jurisdiction under the Class

Action Fairness Act and did not address crucial factual considerations mandating the opposite of both rulings.

## II.     Motion to Remand

This Court found that Walker v. Morgan & Morgan, Jacksonville PLLC, No. 2:24-cv-088, 2025 WL 310671 (S.D. Ga. Jan 28, 2025) constituted another class action "asserting the same or similar factual allegations against any of the defendants[.]" [Doc. 26, p. 5] (citing 28 U.S.C. § 1332(d)(4)(A).  In Walker, the plaintiff complained of negligent representation carried out by an entity illegally practicing law in the State of Georgia.  The basis for the class claims was that the Morgan & Morgan had not registered to do business in Georgia, and therefore could not carry out its business in bringing lawsuits on behalf of the plaintiff and the putative class.  The plaintiff there also did seek damages for his personal claim of what is believed to be legal malpractice, but that was separate from the class claims.

In this case, the basis of the class claim is completely distinct.  Defendants' ability to practice law in Georgia is not challenged.  Instead, the class claims are centered on Defendants failing to "exercise a reasonable degree of skill by failing to properly identify the maximum rate of interest they would charge in the representation agreements entered into with their clients, failing to identify what rate was actually charged and to which advances it was applied, inflated their costs and/or expenses in presenting closing statements to their clients, including

duplicative charges and expenses in closing statements presented to their clients, and otherwise failing to clearly identify what was being charged to clients following the resolution of their cases." [Doc. 1-1, p. 13]. It appears from the Order that this Court determined Walker concerned the same factual allegations because, as a damage sought, the Walker plaintiff and putative class sought disgorgement of fees. However, seeking the same damage does not means the facts and causes of action are the same. (See High Heart Media, Ltd. v. Brainjuice Media, LLC, 2021 U.S. Dist. LEXIS 260796, *11 (M.D. Ga. Mar. 11, 2021) (quoting Stringer v. Bugg, 254 Ga. App. 745, 563 S.E.2d 447, 450 (Ga. Ct. App. 2002) ("[This court has found no identity of causes of action when a prior suit was based upon an account and the action in issue was brought on a written guaranty, even though both arose from the same debt.")

Plaintiff here does not dispute the similarity and damages sought, but claims brought on the alleged illegal practice of business in Georgia are plainly different from claims premised on predatorily and falsely generating "fees" to collect from clients. As it appears there is no dispute the other factors of the Local Controversy Exception are met, Plaintiff respectfully requests this Court to Amend its prior ruling denying remand.

**III.   Motion to Compel Arbitration**

This Court further found that Plaintiff did not contest that his class claims fell within the scope of the arbitration provision. [Doc. 26, p. 13]. However, in opposing the motion, Plaintiff noted that:

> the operative arbitration provisions explicitly excludes the cause of action raised on behalf of the putative class. [Doc. 5-1, p. 16], "The arbitrator may not consolidate more than one person's claims, **and may not otherwise preside over any form of a representative or class proceeding**." (Emphasis added). Thus, even if Plaintiff was subject to individual arbitration, this action cannot, under the terms of the agreement, be stayed or dismissed pending any arbitration in relation to the class claims.

[Doc. 21, p. 7].

Even if Plaintiff's personal claim was subject to the provision, the class claims cannot be per the plain language of the agreement. (See Griffin v. Adams, 175 Ga. App. 715, 716 (1985), "the language used is given its literal meaning, and plain ordinary words are given their usual significance." (Citation omitted)).

Moreover, the Court seemingly agrees that the parties citizenship alone is sufficient to satisfy interstate commerce, but point to others facts demonstrating transmission of information across state lines, i.e. that the release was generated in Florida. [Doc. 26, p. 15]. In a similar context of jurisdictional requirements, courts of this circuit determine the relevancy of the use of the internet for purposes of transactions occurring in different states "by examining the level of interactivity and commercial nature of the exchange of information that occurs on the [internet]."

Pathman v. Grey Flannel Auctions, Inc., 741 F. Supp. 2d 1318, 1325 (S.D. Fla. 2010) (quoting Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D.Pa. 1997)).

Here, Plaintiff had no idea where the release was generated nor did he have any reason to. The level of interactivity with he and Florida was zero. As stated before, Plaintiff had no personal interactions whatsoever with the State of Florida. The bar for interstate activity to invoke the FAA over clear indications of the intent to be bound by Georgia law is not met, and this Court should have applied Georgia law in analyzing the contract and incorporated arbitration provision.

### IV. Conclusion

For the reasons stated herein, Plaintiff respectfully asks this Court to reconsider, alter, and/or amend its prior Order on the Motion to Remand and Motion to Compel Arbitration. Alternatively, Plaintiff is filing an application to certify the Order for immediate review, and respectfully requests this Court grant such application.

Respectfully submitted this 21st day of August, 2025.

*/s/ Matthew R. Bradley*
Brent J. Savage
Georgia Bar No. 627450
Matthew R. Bradley
Georgia Bar No. 835095

**SAVAGE, TURNER, PINCKNEY,**
**SAVAGE, & SPROUSE**
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140
lwickline@savagelawfirm.net

## CERTIFICATE OF SERVICE

      This is to certify that I have on this day filed electronically with the Clerk of the Court the foregoing. By filing in the CM/ECF system, I have thereby served by email all of the parties in this case through the following counsels of record:

Rachel Bramblett
**BRADLEY ARANT BOULT CUMMINGS LLP**
**rbramblett@bradley.com**

**THIS THE 21ST DAY OF AUGUST, 2025.**

                                                      **SAVAGE & TURNER, P.C.**

                                                      By: ***/s/ Matthew R. Bradley***
                                                          Brent J. Savage
                                                          Georgia Bar No. 627450

102 E. Liberty Street, 8th Floor (31401)
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140 (T)
lwickline@savagelawfirm.net