## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

MARK GUGLIUZZA, individually
and behalf of all others similarly
situated,

     Plaintiff,

v.

MORGAN & MORGAN,
JACKSONVILLE PLLC,
a/k/a MORGAN & MORGAN,
JACKSONVILLE LLC,
and SETH DIAMOND,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.4:25-cv-00064-LGW-BWC

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFF MARK GUGLIUZZA'S MOTION FOR
### RECONSIDERATION AND TO ALTER/AMEND
### <u>DECISION TO COMPEL ARBITRATION AND DENY REMAND</u>

The Court should deny Plaintiff Mark Gugliuzza's request that the Court

reconsider or retroactively amend its August 11, 2025 Order. Gugliuzza identifies no

error, but rather misstates the law by relying on facially inapplicable cases.

Gugliuzza's motion cites only three authorities. None of those are binding on this

Court, nor do they even address the issues for which they are cited:

- *High Heart Media, Ltd. v. Brainjuice Media, LLC*, No. 1:19-CV-5191-AT,
  2021 WL 9349174 (N.D. Ga. Mar. 11, 2021) – Cited for CAFA's local
  controversy exception, but only addresses res judicata.

- *Griffin v. Adams*, 175 Ga. App. 715 (1985) – Cited on arbitrability of putative class claims, but only addresses contractual interpretation.

- *Pathman v. Grey Flannel Auctions, Inc.*, 741 F. Supp. 2d 1318 (S.D. Fla. 2010) – Cited on interstate commerce, but only addresses personal jurisdiction.

Gugliuzza's citation to inapplicable authority (any of which he could have previously raised if applicable) does not justify the extraordinary remedy he seeks. The Court should deny his Motion.

## **LEGAL STANDARD**

Gugliuzza ignores and does not meet the standard for reconsideration. This Court has repeatedly explained that reconsideration of a prior decision "is an extraordinary remedy, which should be granted sparingly." *Collins v. Int'l Longshoremen's Ass'n Loc. 1423*, No. CV 209-093, 2013 WL 393096, at *1 (S.D. Ga. Jan. 30, 2013) (Wood, J.). Such motions "are to be filed only when 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Perez v. Watts*, No. 2:15-CV-76, 2016 WL 3453427, at *1 (S.D. Ga. June 17, 2016) (Wood, J.). A perceived "error is not clear and obvious if the legal issues are at least arguable." *Amin v. NBCUniversal Media, LLC*, No. 5:21-CV-56, 2024 WL 4016377, at *1 (S.D. Ga. Aug. 15, 2024) (Wood, J.) (citation omitted). Moreover, reconsideration is not a vehicle "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment,"

which "includes new arguments that were previously available, but not pressed." *Id.* (citations omitted).

Gugliuzza also purportedly seeks to "alter/amend" the Court's Order. Although Gugliuzza does not cite any authority to support this request, the result is the same. "[A] Federal Rule of Civil Procedure 59(e) motion[] is an extraordinary remedy, to be employed sparingly" and requires the movant to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Pyburn v. Doyle*, No. 2:17-CV-68, 2018 WL 10733025, at *1 (S.D. Ga. Mar. 28, 2018) (Wood, J.) (citations omitted). In fact, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact," and such motions "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (citations omitted).

## ARGUMENT AND CITATION TO AUTHORITIES

Gugliuzza does not point to an intervening change in controlling law or the availability of new evidence mandating a different result than previously reached by the Court. His extraordinary request for reconsideration instead argues that "this Court misapplied the law concerning jurisdiction under the Class Action Fairness Act and did not address crucial factual considerations mandating the opposite of both rulings." Doc. 27, at 1-2. Gugliuzza is wrong, and the new authorities he cites are inapplicable. The Court conducted a thorough analysis of the record and arguments

from the parties and correctly denied remand and compelled arbitration. Gugliuzza's Motion should be denied.

**I.    The Court correctly denied remand because Gugliuzza failed to satisfy his burden of establishing CAFA's local controversy exception.**

Gugliuzza's new argument that the prior putative class action filed by his same legal counsel styled *Walker v. Morgan & Morgan, Jacksonville PLLC a/k/a Morgan & Morgan, Jacksonville LLC and Brad Milkwick*, No. 2:24-cv-00088-LGW-BWC (S.D. Ga.) does not prevent him from invoking the local controversy exception to CAFA provides no basis for reconsideration and is wrong.

First, this new argument provides no basis for reconsideration because it has already been waived. Gugliuzza could have raised this argument regarding the scope of *Walker* when seeking remand. He was required to do so because—as explained by the Court—he possessed the "burden of establishing that this case falls within CAFA's local controversy exception," and that "exception is a narrow one, with all doubts resolved in favor of exercising jurisdiction over the case." Doc. 26, at 9.

Gugliuzza failed to cite or reference *Walker* when seeking remand. *See generally* Doc. 22. As highlighted by the Court, Gugliuzza "[did] not respond to Defendants' assertion that *Walker* bars application of CAFA's local controversy exception" or "mention *Walker* at all." Doc. 26, at 9. Gugliuzza instead represented "that after a diligent search for similar lawsuits against these Defendants alleging the inflation of or creation of excessive fees, or either of them individually, no such cases

were found." Doc. 22, at 5. But the Court correctly recognized this representation was false. Doc. 26, at 9.

Gugliuzza cannot now raise this argument for the first time to transform a motion for reconsideration into a vehicle to press arguments he had the burden to make before the Court's decision on the merits. *See Amin*, 2024 WL 4016377, at *1; *see also Walker v. Morgan & Morgan, Jacksonville PLLC*, No. CV 224—088, 2025 WL 322182, at *2 (S.D. Ga. Jan. 28, 2025) (finding plaintiff's reconsideration "improper" because he "did not make this argument in [his] response or surresponse to Defendants' motion to compel arbitration" and a "motion for reconsideration cannot be used to . . . raise argument . . . that could have been raised prior to the entry of judgment") (citations omitted).

Second, Gugliuzza misstates the legal standard and misconstrues his own allegations, as well as those made by the plaintiff in *Walker*. Contrary to Gugliuzza's assertions, putative class actions need not "concern[] the same factual allegations" or share "the same" "facts and causes of action" to foreclose application of the local controversy exception. The language of the statute requires that "no other class action has been filed asserting the ***same <u>or</u> similar factual allegations*** against ***any of the defendants*** on behalf of the same ***or other persons***" within the last three years. 28 U.S.C. § 1332(d)(4)(A)(ii) (emphasis added). The Court's Order rejected this exact argument and explained "the matter need not share 'common questions of law

or fact' or contain 'identical parties.'" Doc. 26, at 9 (quoting *Knapp v. VGW Holdings Ltd.*, No. 6:24-CV-413-CEM-DCI, 2025 WL 452490, at *3 (M.D. Fla. Feb. 6, 2025) (brackets omitted)).

Gugliuzza does not cite any case holding that putative class actions are considered "related" for purposes of the local controversy exception only if "the facts and causes of action *are the same*." Doc. 27, at 3 (emphasis added). Such a rule would conflict with the plain language of 28 U.S.C. § 1332(d)(4)(A)(ii) and read the words "*or similar factual allegations*" out of the statute. Gugliuzza relies entirely on *High Heart Media, Ltd. v. Brainjuice Media, LLC*, No. 1:19-CV-5191-AT, 2021 WL 9349174 (N.D. Ga. Mar. 11, 2021), but that case did not concern removal, remand, CAFA, or the local controversy exception. *High Heart Media* instead discussed res judicata. 2021 WL 9349174, at *4. Unlike the "same or similar factual allegations" standard for CAFA, res judicata requires that "the cause of action in each suit must be identical." 2021 WL 9349174 at *4. Also different from CAFA, the res judicata standard is not met even though "the subject matter may be the same, and even though the causes arose out of the same transaction." *Id.* Gugliuzza's attempt to cherry-pick a quote from an unrelated case does nothing to support his argument under CAFA's local controversy exception.

Applying the correct "same or ***similar***" standard, there can be no dispute that Gugliuzza fails to prove the local controversy exception. To the contrary,

Gugliuzza's Motion **concedes** that he "does not dispute the ***similarity***" between *Walker* and *Gugliuzza*. Doc. 27, at 3 (emphasis added). Gugliuzza also fails in his attempt to narrowly parse his claims to create daylight between this case and *Walker*. The Court undertook a thorough comparison of the allegations and claims asserted in both actions. Doc. 26, at 7-9. Gugliuzza does not rebut the Court's analysis. In fact, he concedes that he and the plaintiff in *Walker* both asserted claims and sought "damages for [] personal claim[s] of what is believed to be legal malpractice." Doc. 27, at 2. He also admits that the putative classes in both cases seek the "disgorgement of fees" that Morgan & Morgan supposedly wrongfully collected from its former clients during their legal representations. Doc. 27, at 3. Moreover, large portions of both class definitions are substantially verbatim and cover the same general geographic territory. *Compare* Doc. 1-1 ¶ 19, *with Walker*, No. 2:24-cv-00088-LGW-BWC, Doc. 1-1 ¶ 25. *Walker* and *Gugliuzza* are so similar that Gugliuzza cannot even keep them straight. At one point, Gugliuzza mistakenly referred to "Defendant Milkwick" in his Motion to Remand, despite Milkwick being the defendant in *Walker*, not this matter. *See* Doc. 22, at 5.

At best, Gugliuzza points to slight differences between certain legal aspects of the putative class claims. But this does not save Gugliuzza. As explained by the court in *McAteer v. DCH Regional Medical Center*:

> CAFA does not require common questions or law or fact. CAFA does not require identical parties. For an action to

> qualify as another 'class action' for purposes of the local
> controversy exception, the action need only concern the
> 'same or similar factual allegations against any of the
> defendants on behalf of the same or other persons.'

No. 2:17-CV-00859-MHH, 2018 WL 1089873, at *6 (N.D. Ala. Feb. 26, 2018)

(citing 28 U.S.C. § 1332(d)(4)(A)). Gugliuzza ignores this standard. As the Court

correctly found, this action and *Walker* share sufficient "similar factual allegations"

against Morgan & Morgan to defeat the local controversy exception. *See* Doc. 26, at

6-9. Thus, because the Court properly denied Gugliuzza's motion to remand, this

reconsideration request should likewise be denied.[1]

## II.    The Court correctly compelled Gugliuzza to comply with his agreement to arbitrate.

### A.    All of Gugliuzza's claims are subject to, and fall within his agreement to individual arbitration whether he plead them individually or on behalf of a putative class.

Gugliuzza is also wrong that his so called "class claims" fall outside the scope

of his agreement to arbitrate. The Representation Agreement contains no exception

---

[1] Gugliuzza concludes by stating that "it appears there is no dispute the other factors of the Local Controversy Exception are met." Doc. 27, at 3. This is false. In their opposition brief, Defendants explained that remand under the local controversy exception would also be inappropriate because Gugliuzza failed to prove that any Georgia citizen is a "significant defendant" as defined by CAFA. *See* Doc. 25, at 5-11. Because the Court found *Walker* barred Gugliuzza's attempt to invoke the local controversy exception, it did not reach this separate issue. Even if the Court reconsidered its decision regarding the "other class action" prong of the local controversy exception, it would still deny the motion to remand based on the "significant defendant" requirement.

for a putative class action, but rather requires that all claims within its scope, no matter how plead, be arbitrated on an individual basis. At the outset, Gugliuzza's reference to "class claims" is a misnomer. "[T]he procedural device of a Rule 23 class action [is designed] to pursue … individual claims." *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 331 (1980). There is, in other words, no independent "class claim" or cause of action. The procedural device of a Rule 23 class action expressly cannot be used to "abridge, enlarge or modify any substantive right." *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015) (quoting 28 U.S.C. § 2072). And, in this case, there is not even a certified class, only Gugliuzza individually.

Gugliuzza's argument further conflates the *scope* of arbitration with the *manner* of arbitration. As Defendants explained in their reply brief, they have sought to compel arbitration of *all* claims asserted in this action. *See* Doc. 24, at 2 n.1. Gugliuzza agreed to arbitrate "any and all disputes." *See* Doc 1-1, at 15. His arbitration agreement contains no carve out for claims putatively brought with other class members in an alleged putative class action. Rather, it makes clear that all claims within its scope must be arbitrated, and that the arbitration must proceed on an individual basis. Gugliuzza's agreement that the arbitration would proceed on an individual basis, and that an arbitrator may not preside over a class, does not

change the *scope* of claims he agreed to arbitrate, but only the *manner* in which he agreed to arbitrate.

The law is clear that a plaintiff may not avoid his agreement to arbitrate by attempting to join his claims with others in a putative class action. *See Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). The law is equally clear that parties can agree to arbitrate claims on an individual basis, not a class basis. *Id.* In fact, the law presumes that parties agreeing to arbitrate are agreeing to arbitrate their claims individually unless their agreement expressly and unambiguously provides otherwise. *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 179 (2019).

Rather than address these binding cases, Gugliuzza cites *Griffin v. Adams*, 175 Ga. App. 715 (1985) for the proposition that "[e]ven if Plaintiff's personal claim was subject to the provision, the class claims cannot be per the plain language of the agreement." Doc. 27, at 4. But *Griffin* does not support this argument. That case did not address an arbitration provision or putative class action at all. The portion of *Griffin* Gugliuzza cites merely reiterates the unremarkable rule that "no construction of a contract is required or is even permissible when the language used by the parties is plain, unambiguous and capable of only one reasonable interpretation." 175 Ga. App. at 715. The plain language of Gugliuzza's arbitration agreement requires him to arbitrate "any and all" claims within its scope on an individual basis. Gugliuzza

cannot rewrite this provision to create a putative class action exception not previously agreed to by the parties.

**B.    The Court correctly found that the FAA governs the arbitration provision because the Representation Agreement involves or affects interstate commerce.**

Gugliuzza establishes no error in the Court's rather obvious holding that the FAA governs this agreement between parties of different states that was formed using interstate commerce to provide interstate representation. Gugliuzza misconstrues the Court's reasoning. The Court did not hold or imply that "the parties' citizenship alone" cannot satisfy the interstate commerce requirement. The Court instead found Gugliuzza's "arguments [were] without merit" and "misleading" because Defendants relied on "other factors [that] evidence the Agreement is a transaction involving commerce." Doc. 26, at 15. For example, Gugliuzza does not challenge the Court's finding that "the Agreement provides that Morgan & Morgan, in Florida, would charge and collect fees for legal services rendered in Georgia," which alone demonstrates a transaction involving or affecting interstate commerce. *Id.*

Gugliuzza focuses only on his internet execution of the Representation Agreement and relies solely on *Pathman v. Grey Flannel Auctions, Inc.*, 741 F. Supp. 2d 1318 (S.D. Fla. 2010). But *Pathman* did not concern an arbitration provision or the interstate commerce requirement at all. *Pathman* rather addressed whether

11

"[a]ctive internet solicitation may subject a defendant to personal jurisdiction." *Id.*
at 1324. Of course, the due process analysis underlying personal jurisdiction is in no
way the same as the expansive interstate commerce analysis for application of the
FAA. Gugliuzza's argument that he did not know "where the release was generated,"
*see* Doc. 27, at 5, is irrelevant. Gugliuzza's awareness of where that agreement may
have originated does not alter whether "the transaction *in fact* involve[d] interstate
commerce." *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 279
(1995) (emphasis in original). In fact, an agreement may be subject to the FAA "in
individual cases without showing any specific effect upon interstate commerce if in
the aggregate the economic activity in question would represent a general practice .
. . subject to federal control." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-57
(2003) (punctuation omitted). Gugliuzza does not address or distinguish any of the
other facts or cases cited by Defendants or the Court establishing interstate
commerce. *See* Doc. 26, at 15. Accordingly, Gugliuzza does not state a valid basis
for reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiff Mark Gugliuzza's Motion for
Reconsideration should be denied. In his conclusion, Gugliuzza passingly states that
"[a]lternatively, Plaintiff is filing an application to certify the Order for immediate
review, and respectfully requests this Court grant such application." Doc. 27, at 5.

Gugliuzza has not yet sought such relief, so it is not ripe for the Court's consideration. But even if it were, Gugliuzza is not entitled to an order for interlocutory appeal under 28 U.S.C. § 1929(b).

Respectfully submitted this 2nd day of September, 2025.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Justin P. Gunter*
William J. Holley, II (admitted *pro hac vice*)
Georgia Bar No. 362310
Justin P. Gunter (admitted *pro hac vice*)
Georgia Bar No. 969468
Rachel Bramblett
Georgia Bar No. 896738
Spencer Stephens (admitted *pro hac vice*)
Georgia Bar No. 920774
Ashley Strain (admitted *pro hac vice*)
Georgia Bar No. 988635

1230 Peachtree Street NE,
21st Floor
Atlanta, GA 30309
(404) 868-2100
bholley@bradley.com
jgunter@bradley.com
rbramblett@bradley.com
smstephens@bradley.com
astrain@bradley.com                    *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of September 2025, I electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF MARK GUGLIUZZA'S MOTION FOR RECONSIDERATION AND TO ALTER/AMEND DECISION TO COMPEL ARBITRATION AND DENY REMAND** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

> Brent J. Savage
> Georgia Bar No. 627450
> SAVAGE, TURNER, PINCKNEY, SAVAGE, & SPROUSE
> Post Office Box 10600
> Savannah, GA 31412
> (912) 231-1140
> lhatcher@savagelawfirm.net

> **BRADLEY ARANT BOULT CUMMINGS LLP**
>
> <u>*/s/ Justin P. Gunter*</u>
> William J. Holley, II (admitted *pro hac vice*)
> Georgia Bar No. 362310
> Justin P. Gunter (admitted *pro hac vice*)
> Georgia Bar No. 969468
> Rachel Bramblett
> Georgia Bar No. 896738
> Spencer Stephens (admitted *pro hac vice*)
> Georgia Bar No. 920774
> Ashley Strain (admitted *pro hac vice*)
> Georgia Bar No. 988635

1230 Peachtree Street NE,
21st Floor

*Counsel for Defendants*

14

Atlanta, GA 30309
(404) 868-2100
bholley@bradley.com
jgunter@bradley.com
rbramblett@bradley.com
smstephens@bradley.com
astrain@bradley.com

4924-5173-3602.4