# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

MARK GUGLIUZZA, on behalf of
himself and all others
similarly situated,

    Plaintiff,

    v.

MORGAN & MORGAN, JACKSONVILLE
PLLC d/b/a Morgan & Morgan
Jacksonville, LLC, and SETH
DIAMOND,

    Defendants.

CV 425—064

## ORDER

Before the Court is Plaintiff's motion for reconsideration of the Court's Order denying Plaintiff's motion to remand and granting Defendants' motion to compel arbitration.  Dkt. No. 27.  The motion has been fully briefed and is ripe for review.  Id.; Dkt. No. 28.

## BACKGROUND

After being injured in a motor vehicle accident in Savannah, Georgia, on January 17, 2021, Plaintiff Mark Gugliuzza retained Morgan & Morgan, Jacksonville PLLC ("Morgan & Morgan") to represent him in an action against the at-fault driver.  Dkt. No. 1-1 ¶¶ 7, 9; Id. at 17.  Plaintiff's attorney was Seth Diamond.  Id. at 3. Plaintiff was initially led to believe his personal injury case was worth five million dollars, id. ¶ 10, but he ultimately settled for $125,000, id. ¶ 17.  Plaintiff alleges Morgan & Morgan

committed significant missteps during its representation which amounted to "clear malpractice" on Morgan & Morgan's part.  Id. ¶ 16. Plaintiff also alleges Morgan & Morgan "improperly recouped" fees that were either excessive or not properly recoverable by the firm.  Id. ¶ 15.

Plaintiff filed this lawsuit, a putative class action, against Morgan & Morgan and Mr. Diamond on March 20, 2025, in the Superior Court of Chatham County, Georgia.  Id. at 3.  Plaintiff brings claims against Morgan & Morgan and Mr. Diamond for professional negligence (Count I), breach of fiduciary duty (Count II), and "damages" (Count V).[1]  Id. at 12-15.

Defendants removed the case to this Court, basing subject matter jurisdiction on the Class Action Fairness Act ("CAFA") and moved to compel arbitration based on the representation agreement's arbitration provision.  Dkt. Nos. 1, 5.  Thereafter, Plaintiff moved to remand this action to the state court from which it was removed.  Dkt. No. 22.

The Court ultimately denied Plaintiff's motion to remand and granted Defendants' motion to compel arbitration.  Dkt. No. 26. First, the Court found Plaintiff had failed to meet his burden to show CAFA's local controversy exception required the Court to abstain from exercising jurisdiction over this case.  Id. at 9. Second, the Court found that Plaintiff as the "party resisting

---

[1] The complaint contains no Count III or Count IV.  See Dkt. No. 1-1.

2

arbitration," had not met his "burden of showing that the arbitration provision in question should not be enforced." Id. at 18.  Plaintiff now asks the Court to reconsider its rulings.  Dkt. No. 27.

## LEGAL AUTHORITY

"The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration." Moon v. Cincinnati Ins. Co., 975 F. Supp. 2d 1326, 1328 (N.D. Ga. 2013), aff'd, 592 F. App'x 757 (11th Cir. 2014). "Nevertheless, such motions are common in practice." Id. Courts often employ the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) when addressing a motion for reconsideration.  See Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

"Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (citations omitted). "A movant must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993)). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Id. at 1380 (quoting United States v. Battle, 272 F.

3

Supp. 2d 1354, 1358 (N.D. Ga. 2003), then quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).

"Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an 'extraordinary remedy to be employed sparingly.'" Diamond Crystal Brands, Inc. v. Wallace, 563 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (quoting Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999)) (citing Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000); Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were previously available, but not pressed." Id. (internal quotation marks omitted) (quoting Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)).

## DISCUSSION

Plaintiff argues the Court's Order denying Plaintiff's motion to remand and granting Defendants' motion to compel arbitration "misapplied the law concerning jurisdiction under the Class Action Fairness Act and did not address crucial factual considerations

mandating the opposite of both rulings." Dkt. No. 27 at 1-2. Plaintiff moves the Court to reconsider its Order.

### I. Motion for Reconsideration of Remand Denial

With regard to the Court's ruling on his motion to remand, Plaintiff does not assert that there has been an intervening change in controlling law or that he discovered new evidence. See generally id. Instead, Plaintiff moves for reconsideration based on clear error. Id. at 1-2. Specifically, Plaintiff argues the Court erred in finding that a class action similar to this case had been filed against Morgan & Morgan within the past three years, precluding application of CAFA's local controversy exception. Id. at 2-3.

"[T]he local controversy exception has four elements: (1) citizenship of the plaintiff class; (2) significant defendant; (3) principal injuries; and (4) similar class actions." McAteer v. DCH Reg'l Med. Ctr., No. 2:17cv859, 2018 WL 1089873, at *3 (N.D. Ala. Feb. 26, 2018). If those four requirements are met, a court must abstain from exercising jurisdiction over the case. "'[P]laintiffs bear the burden of establishing that they fall within CAFA's local controversy exception.'" Simring v. GreenSky, LLC, 29 F.4th 1262, 1267 (11th Cir. 2022) (quoting Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006)). "That exception is a 'narrow one, with all doubts resolved "in favor of exercising jurisdiction over the case."'" Id. (quoting Evans, 449

F.3d at 1163 (quoting S. Rep. No. 109-14 at 42, 2005 U.S.C.C.A.N. 3, 40)).

In their brief opposing Plaintiff's motion to remand, Defendants argued, among other things, that Plaintiff had failed to meet the fourth requirement of the local controversy exception, i.e., "during the 3-year period preceding the filing of th[is] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]"   28 U.S.C. § 1332(d)(4)(A).   Defendants argued the case Walker v. Morgan & Morgan, Jacksonville PLLC, No. 2:24-cv-088, 2025 WL 310671 (S.D. Ga. Jan. 28, 2025), prevented application of the local controversy exception.

To qualify as an "other class action" for purposes of CAFA's local controversy exception, the matter need not share "common questions [of] law or fact" or contain "identical parties;" "'the action need only concern the "same or similar factual allegations against any of the defendants on behalf of the same or other persons."'"   Knapp v. VGW Holdings Ltd., No. 6:24-CV-413-CEM-DCI, 2025 WL 452490, at *3 (M.D. Fla. Feb. 6, 2025) (quoting McAteer, 2018 WL 1089873, at *6 (quoting 28 U.S.C. § 1332(d)(4)(A)(ii))).

The Court found that Walker prevented application of CAFA's local controversy exception to this case, because "both this case and Walker involve a plaintiff who is dissatisfied with both Morgan & Morgan's legal representation and its collection of fees."   Dkt.

6

No. 26 at 8.  The Court noted that Plaintiff did not respond to Defendants' assertion that <u>Walker</u> bars application of CAFA's local controversy exception.  <u>Id.</u> at 9.  Indeed, Plaintiff did not mention <u>Walker</u> at all.  Again, it is Plaintiff's burden to show he falls within the local controversy exception, a "narrow" exception in which "all doubts [are] resolved in favor of exercising jurisdiction over the case."  <u>Simring</u>, 29 F.4th at 1267 (quotation marks and citation omitted).  The Court found Plaintiff failed to meet his burden.  Dkt. No. 26 at 9.

Now, in his motion to remand, Plaintiff argues the basis of the class claims in this case are "completely distinct" from those in <u>Walker</u>, and, thus, the fourth requirement of CAFA's local controversy exception is met and this case should be remanded. Dkt. No. 27 at 2, 3.

Plaintiff's argument is both untimely and insufficient.  "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" <u>Wilchombe</u>, 555 F.3d at 957.  During briefing of Plaintiff's motion to remand, Plaintiff had the opportunity to reply to Defendants' argument that <u>Walker</u> was a similar class action that precluded application of the local controversy exception to this case. He failed to do so.  Plaintiff cannot now present a "new argument" that was "previously available, but not pressed."  <u>Id.</u>

7

Moreover, the Court holds it was not clear error to find that Walker is a similar class action.  First, in both this case and Walker, the plaintiffs allege that Morgan & Morgan mishandled their personal injury cases.  Additionally, both plaintiffs allege that Morgan & Morgan received fees from its representation to which it was not entitled.[2]  Plaintiff counters that the basis for the class claims in Walker was that Morgan & Morgan had not registered to do business in Georgia, whereas in this case, the basis for the class claims is Morgan & Morgan's alleged inflation of costs and expenses and failure to identify billable rates.  Dkt. No. 27 at 2-3. Plaintiff's argument is based on the wrong legal principle—*res judicata*—and the mistaken belief that, to qualify as a similar class action for purposes of the local controversy exception, the cases must concern the same factual allegations or share the same facts and causes of action.  Dkt. No. 27 at 3 (citing High Heart Media, Ltd. V. Brainjuice Media, LLC, No. 1:19cv5191, 2021 WL 9349174, at *4 (N.D. Ga. Mar. 11, 2021) (finding that a link in the subject matter of different lawsuits does not mean they are "the same cause of action" for purposes of determining whether a suit is barred by *res judicata*)).  While application of *res judicata* requires, *inter alia*, two actions to involve the same parties or their privies and involve the same causes of action,

---

[2] Also worth noting is the fact that counsel who represented the plaintiff in Walker against Morgan & Morgan is the same counsel who represents Plaintiff against Morgan & Morgan in this action.

Rodemaker v. City of Valdosta Board of Education, 110 F.4th 1318, 1324 (11th Cir. 2024), the same is not required for a case to qualify as a similar class action in CAFA's local controversy context. To the contrary, courts in this Circuit have held that, to qualify as a similar class action for purposes of the local controversy exception, "the matter need not share 'common questions of law or fact' or contain 'identical parties.'" Dkt. No. 26 at 9 (quoting Knapp, 2025 WL 452490, at *3). "[T]he action need only concern the 'same or similar factual allegations against any of the defendants on behalf of the same or other persons.'" Knapp, 2025 WL 452590, at *3 (quoting McAteer, 2018 WL 1089873, at *6). Indeed, Plaintiff concedes that he "does not dispute the similarity" between Walker and this case. Dkt. No. 27 at 3. Again, "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable.'" Gold Cross EMS, Inc., 108 F. Supp. 3d at 1380. Accordingly, Plaintiff's motion for reconsideration of its Order denying Plaintiff's motion to remand is **DENIED**.

## II. Motion for Reconsideration of Order Compelling Arbitration

Next, with regard to the Court's ruling on Defendants' motion to compel arbitration, Plaintiff again moves for reconsideration based on clear error. Dkt. No. 27 at 4. Specifically, Plaintiff argues 1) the Court erred in finding Plaintiff failed to contest that his claims fall within the scope of the arbitration agreement and 2) the Court erred in finding the Federal Arbitration Act

("FAA") governs interpretation and enforceability of the arbitration provision.

### A. Scope of the Arbitration Provision

Plaintiff argues that even if his individual claims are subject to arbitration, the class claims are not, thus, the class claims should be heard in this Court. Dkt. No. 27 at 4. Plaintiff bases his argument on language contained in the arbitration provision: "The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding." Id.; see also Dkt. No. 5-1 at 6. Plaintiff argues this language excludes from the scope of the arbitration provision the class claim asserted in this action. Dkt. No. 21 at 7 n.1. Plaintiff's argument has no legal basis.

First, the Court looks to the arbitration provision itself, which states the parties "agree that, with one exception, any and all disputes between [the parties] . . . will be resolved through a binding arbitration proceeding." Dkt. No. 5-1 at 6; see also id. at 7 (The Parties agree to arbitrate "all potential controversies, disputes, or claims."). The one exception to the agreement to arbitrate concerns only ethical grievances, not class claims. Id. at 6. Contrary to Plaintiff's assertion, the arbitration provision contains no carve-out for claims brought to court via a class action. This conclusion is buttressed by the parties' agreement that "[a]rbitration will be the sole means of

resolving [] disputes, and both parties waive their rights to resolve disputes *by court proceedings or any other means*." Id.

Further, the arbitration provision's language—prohibiting the arbitrator from consolidating claims and presiding over class proceedings—does not mean class claims fall outside the arbitration provision's scope. Per the arbitration provision, the parties submit *all* disputes (except for ethical grievances) to arbitration. Once Plaintiff's claims are submitted to the arbitrator, *then* the arbitrator is prohibited from consolidating claims and presiding over class proceedings. Dkt. No. 5-1 at 6. In other words, Plaintiff's claims, and only Plaintiff's claims, are submitted to the arbitrator. Moreover, the U.S. Supreme Court has already held that a plaintiff's assertion of class claims does not "establish an entitlement to class proceedings" when parties have *contracted* to arbitrate their claims *individually*, as Plaintiff did here. Am. Exp. Co. v. Italian Colors Restaurant, 570 U.S. 228, 233 (2013). Plaintiff's motion for reconsideration based on the scope of the arbitration provision is therefore **DENIED**.

### B. Applicability of the FAA

Finally, Plaintiff argues the Court erred by finding that the FAA governs the interpretation and enforcement of the arbitration provision. Dkt. No. 27 at 4. Specifically, Plaintiff argues the Court erred by finding the representation agreement evidenced "a transaction involving commerce," which is required for FAA

11

applicability.  Id. at 4-5; see also 9 U.S.C. § 2.  The Court made this finding because 1) Morgan & Morgan is a Florida citizen, 2) Morgan & Morgan, in Florida, charged and collected fees for services rendered in Georgia and 3) Plaintiff, while in Georgia, electronically signed the representation agreement, which originated in Florida, through the internet via the software DocuSign.  Dkt. No. 26 at 15.  This combination of factors sufficiently shows the representation agreement "turn[ed] out, *in fact*, to have involved interstate commerce."  Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 277-78 (1995).

Plaintiff first argues the Court should have examined the level of interactivity and commercial nature of the parties' exchange of information via the internet before determining such internet activity evidenced a transaction involving commerce.  Id. at 4.  But the case on which Plaintiff relies for the sliding scale analysis, Pathman v. Grey Flannel Auctions, Inc., 741 F. Supp. 2d 1318, 1324-25 (S.D. Fla. 2010), discusses a party's minimum contacts with a state for purposes of personal jurisdiction, *not* the FAA or interstate commerce.  See id. at 1324 ("Active internet solicitation may subject a defendant to personal jurisdiction.").  This argument is therefore without merit.

Plaintiff next argues "[t]he level of interactivity with he and Florida was zero," and "Plaintiff had no idea where the release was generated," and, therefore, the Court should have applied Georgia law rather than the FAA in analyzing the arbitration

provision.  Dkt. No. 27 at 5.  First, Plaintiff's contention that he had zero interactivity with Florida is simply incorrect.  While he might have had no physical activity in Florida, Plaintiff indisputably interacted with Florida by retaining Morgan & Morgan, a Florida-based law firm, to represent him, electronically signing the representation agreement and release, and electronically receiving and/or exchanging money with Morgan & Morgan.  Further, that Plaintiff had no idea the release he signed via DocuSign originated in Florida is irrelevant.  The Supreme Court has held that, for purposes of the FAA, a written arbitration provision evidences a transaction involving commerce when the transaction turns out, in fact, to have involved interstate commerce, *even if* the parties did not contemplate an interstate commerce connection.  Allied-Bruce, 513 U.S. at 277-78.  Further, the Supreme Court has separately held that, even in instances where a transaction did not have a substantial effect on interstate commerce, application of the FAA is not defeated because "Congress' Commerce Clause power 'may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent 'a general practice . . . subject to federal control.'"  Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56-57 (2003) (quoting Mandeville Island Farms, Inc. v. Am. Crystal Sugar Co., 334 U.S. 219, 236 (1948)).  As the Court noted in its prior Order, the Supreme Court has held the FAA's "legislative history . . . indicates an expansive congressional

intent." <u>Allied-Bruce</u>, 513 U.S. at 274.  Therefore, "[a] broad interpretation" of "involving commerce" "is consistent with the [FAA's] basic purpose, to put arbitration provisions on 'the same footing' as a contract's other terms." <u>Id.</u> at 275 (quoting <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 511 (1974)).  Accordingly, the Court finds no clear error in finding the FAA governs interpretation of the arbitration provision, and Plaintiff's motion for reconsideration on this ground is **DENIED.**

### III. Alternative Motion for Immediate Review

In the conclusion of his motion for reconsideration, Plaintiff alternatively requests the Court certify this Order for immediate review.  Dkt. No. 27 at 5.  Plaintiff cites no legal authority pursuant to which he requests such relief. Nevertheless, the Court gleans that Plaintiff relies on 28 U.S.C. § 1292(b), which provides that a district court may certify an order for interlocutory appeal if three elements are met: "(1) the subject order 'involves a controlling question of law'; (2) there must be a 'substantial ground for difference of opinion' regarding the controlling question of law; and (3) an immediate appeal from the subject order 'may materially advance the ultimate termination of the litigation.'" <u>Grant v. Raffensperger</u>, No. 1:22-CV-00122-SCJ, 2022 WL 1516321, at *2 (N.D. Ga. Jan. 28, 2022) (quoting § 1292(b)).

An interlocutory appeal under § 1292(b) "is reserved for 'exceptional' cases." <u>Id.</u> (quoting <u>Caterpillar, Inc. v. Lewis,</u>

14

519 U.S. 61, 74 (1996)).  Section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals," and "[m]ost interlocutory orders do not meet this test."  OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008).  Further, "§ 1292(b) certification is wholly discretionary with both the district court and [the Court of Appeals]." Id. at 1358.   Finally, the burden of establishing the § 1292(b) requirements is on the petitioning party.  McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1264 (11th Cir. 2004).

The Court uses its discretion to deny Plaintiff's motion for certification of interlocutory review.  Plaintiff makes no effort to show *any* of the three requirements are met.  See Dkt. No. 27 at 5.  He has therefore failed to meet his burden to show this case qualifies as an "exceptional" case worthy of interlocutory review. Grant v. Raffensperger, 2022 WL 1516321, at *2.

## CONCLUSION

Plaintiff's  motion  for  reconsideration,  dkt.  no.  27,  is **DENIED**.  This case remains **ADMINISTRATIVELY STAYED**.

**SO ORDERED**, this 15th day of December, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15